[Cite as *Cent. Ohio Med. Textiles v. PSC Metal, Inc.*, 2020-Ohio-591.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Central Ohio Medical Textiles, et al., | : | |
| Plaintiffs-Appellees/ Cross-Appellants, | : | No. 19AP-167 |
| v. | : | (C.P.C. No. 15CV-8940) |
| PSC Metals, Inc., et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants/ Cross-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on February 20, 2020

**On brief:** *Roberts Matejzyk & Ita, Glenna M. Roberts,* and *Dustin N. Smith,* for appellees/cross-appellants. **Argued:** *Glenna M. Roberts.*

**On brief:** *Sutter O'Connell, Matthew C. O'Connell,* and *Ashley C. Wakefield,* for appellant/cross-appellee, PSC Metals, Inc. **Argued:** *Matthew C. O'Connell.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Defendant-appellant, PSC Metals, Inc. ("PSC"), appeals from two judgments of the Franklin County Court of Common Pleas as set forth in the final judgment entry entered on March 11, 2019. First, PSC appeals a judgment entered in favor of plaintiffs-appellees/cross-appellants, Central Ohio Medical Textiles ("Comtex") and Philadelphia Indemnity Insurance Company ("PIIC"), as set forth in a June 26, 2018 judgment entry following a jury verdict that found PSC liable for money damages to Comtex and PIIC in the amount $651,355 on a conversion claim. Second, PSC appeals the February 25, 2019 decision denying its motion for judgment notwithstanding the verdict or, in the alternative,

a new trial ("motion for JNOV/new trial").  PSC seeks to have the jury verdict nullified or, alternatively, to have a new trial on the issue of damages.

{¶ 2}    Additionally, Comtex and PIIC cross-appeal from the February 25, 2019 decision denying their motion to strike PSC's motion for JNOV/new trial ("motion to strike"), as set forth in the final judgment entry entered on March 11, 2019.

{¶ 3}    For the following reasons, we affirm the judgments of the trial court as to both the appeal and the cross-appeal.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 4}    The underlying case arose from an action for conversion and other claims Comtex and its insurer, PIIC, brought against a former Comtex employee, James Turner, and PSC, a scrap yard operator, for the loss of 485 custom-made metal laundry carts ("the carts") that were an integral part of Comtex's operation.  Comtex alleged that Turner, who was employed to deliver Comtex's carts to local hospitals, stole the carts over a six-week period in August and September 2014 and sold them to PSC as scrap metal.  After discovering the theft, Comtex tried to recover the carts from PSC, but PSC had already shredded them.

{¶ 5}    On October 7, 2015, Comtex and PIIC filed suit against Turner and PSC asserting claims of conversion, unjust enrichment, willful damage or theft, negligence (with respect to Turner), and negligence (with respect to PSC). Just over one year later, Comtex and PIIC filed a motion for default judgment only as to Turner, on the ground that he had been served but had failed to enter an appearance.[1]  The trial court granted the motion for default judgment against Turner on November 10, 2016.

{¶ 6}    The case against PSC proceeded to a four-day jury trial presided over by a visiting judge.  Both sides presented testimonial and documentary evidence at trial. PSC filed proposed jury interrogatories, verdict forms, and jury instructions.  PSC requested, among other things, that the visiting judge instruct the jury as to Comtex and PIIC's duty to mitigate their damages, as follows:

### DUTY TO MITIGATE

PSC Metals claims that the plaintiffs failed to mitigate their damages. If the defendant proves by a greater weight of the

---

[1] The complaint indicates that, at the time it was filed, Turner was an inmate of the Noble Correctional Institution in Caldwell, Ohio.

> evidence that the plaintiffs did not use reasonable efforts under the facts and circumstances in evidence to lessen damages caused by the defendant's alleged negligence, you should not allow damages that could have been avoided by reasonable efforts to avoid loss. The plaintiffs, however, are not required to take measures that would involve undue risk, burden, or humiliation.
>
> **Authority:**
>
> OJI – CV 315.51.

(Emphasis sic.) (PSC's Proposed Jury Instructions at 34.)

{¶ 7} The visiting judge instructed the jury in open court before the jurors retired to deliberate. With respect to determining if Comtex and PIIC were entitled to damages on the conversion claim and, if so, in what amount, the visiting judge instructed the jury in part as follows:

> [T]he allegation in this case by the Plaintiffs is that the Defendant in this case converted their property, and as a result of their conversion of their property, they have been damaged. Now, any time an individual in a civil case makes an allegation, that individual carries the burden of proof with respect to all of the matters that have been alleged in the – in the case. Now, that includes the burden of proving that a conversion took place, that there was proximate cause with respect to the conversion, and burden of proof by a preponderance of the evidence of what, in fact, damages were proximately caused by that.
>
> * * *
>
> Now, conversion, conversion is the exercise of dominion and control wrongfully exerted over the personal property of another. Now, it is agreed by the parties in this case that the carts in question at the time they were received by the Defendant PSC were the property of COMTEX. It if further agreed that the property was stolen by Mr. James Turner from COMTEX and Mr. Turner had no authority to sell the property to PSC. It is further agreed by the parties that PSC exerted dominion and control over COMTEX's property by shredding the property and selling it to outside buyers; thus, the only issue you are to decide is whether the exercise of dominion and control by PSC over the property was wrongful, and if wrongful, what was the damage to COMTEX as a proximate result of wrongful exercise of dominion and control. Remember,

conversion is the exercise of dominion and control wrongfully exerted over the personal property of another.

\* \* \*

So in this case the Plaintiffs have alleged there was a conversion and as a proximate result of that conversion, they have been damaged.

Now, Plaintiff has the burden of proof by a preponderance of the evidence with respect to their damages. Now, you are not to speculate in reaching a value of the damages.

Now, Defendant denies the conversion but it believes that if there was a conversion, the maximum amount of damages is the fair market value of the property converted. Now, the fair market value of personal property is the price it would bring if offered for sale in the open market by an owner who desires to sell it, but was under no necessity or compulsion to do so. And when purchased by a buyer who desires to buy it, but was under no necessity or compulsion to do so, both parties being aware of the pertinent facts concerning the property.

Now, the Plaintiffs assert that the fair market value is not an appropriate valuation because the property converted is unique to its business, and there is no appropriate market value which would compensate it for its loss. If you find that the Plaintiff has proved that the fair market value is not a proper method of commuting its loss and you find that the original price and/or replacement cost minus depreciation, if any, is the appropriate valuation, you may consider that evidence in computing the damages owed to Plaintiff. As I previously stated, you are not to speculate. You're only permitted to award an amount that has been proven by a preponderance of the evidence to have proximately resulted from the conversion that you have found.

(Trial Tr. at 702-04, 707-08.)

{¶ 8} After the visiting judge had charged the jury, PSC renewed its request for an instruction that Comtex and PIIC had a duty to mitigate their damages. The visiting judge denied PSC's request, having determined "there wasn't sufficient evidence to show that there was a way for [Comtex and PIIC] to mitigate." (Trial Tr. at 717.)

{¶ 9}   Prior to the jury's verdict, the visiting judge entered a verdict against Turner and assessed damages against him in the amount of $651,355, the full replacement value of the carts.

{¶ 10}  On September 14, 2017, the jury found PSC liable for conversion and returned a verdict in favor of Comtex and PIIC, also in the amount of $651,355, the full replacement value of the carts.  On September 20, 2017, Comtex and PIIC filed a motion for prejudgment interest. On September 22, 2017, the visiting judge entered judgment in favor of Comtex and PIIC as against PSC and Turner, severally, in the amount of $651,355, plus court costs and interest at 4 percent per annum.  The visiting judge did not address Comtex and PIIC's September 20, 2017 motion for prejudgment interest, which therefore remained pending.

{¶ 11}  On September 29, 2017, PSC filed a motion to stay execution of judgment. PSC filed a memorandum contra the motion for prejudgment interest on October 2, 2017, to which Comtex and PIIC replied on October 9, 2017.  The parties' motions filed after the trial were handled by the originally assigned trial court judge.  On October 31, 2017, the trial court entered decisions granting in part and denying in part PSC's September 29, 2017 motion to stay execution of judgment and granting in part and denying in part Comtex's and PIIC's October 13, 2017 motion for an order to post bond.  The trial court ruled that execution of the judgment would be stayed during the pendency of the proceedings if PSC posted a bond in the amount of $651,355 within 30 days.  PSC posted the requisite bond on November 29, 2017.

{¶ 12}  On October 23, 2017, the trial court referred Comtex and PIIC's September 20, 2017 motion for prejudgment interest to a magistrate for an evidentiary hearing and ruling.  The magistrate conducted the hearing on December 11, 2017 and, on June 7, 2017, filed a decision denying Comtex and PIIC's motion for prejudgment interest. No objection was filed to the magistrate's decision.  On June 26, 2018, the trial court accepted and adopted the magistrate's decision denying the motion for prejudgment interest and entered final judgment in the underlying matter.

{¶ 13}  On July 23, 2018, PSC filed a motion for JNOV/new trial. Comtex and PIIC filed a brief opposing the motion for JNOV/new trial on August 14, 2018, to which PSC replied on August 21, 2018.  Also, on August 14, 2018, Comtex and PIIC filed a motion to

strike PSC's motion for JNOV/new trial, to which PSC responded on August 17, 2018, and Comtex and PIIC replied on August 24, 2018.

{¶ 14} On February 25, 2019, the trial court entered a decision denying both Comtex and PIIC's August 14, 2018 motion to strike PSC's motion for JNOV/new trial and PSC's motion for JNOV/new trial. In denying the motion to strike, the trial court agreed with PSC that a judgment is not an "entry of judgment" as that term is used in Civ.R. 50(B) and 59 unless it is also a final appealable order. The trial court concluded that the September 22, 2017 judgment entry on the verdict and default "was not an 'entry of judgment' as that term is used for purposes of filing a motion JNOV and/or a motion for a new trial" because Comtex and PIIC's September 20, 2017 motion for prejudgment interest was still pending. (Feb. 25, 2019 Decision at 2-3.) The trial court found that PSC's motion for JNOV/new trial was timely filed and, consequently, denied the motion to strike.

{¶ 15} The trial court denied PSC's motion for JNOV/new trial, finding that the evidence presented at trial was more than sufficient to justify the jury's conclusion that Comtex and PIIC were entitled to damages based on the "value to owner" standard, without any diminution in value for depreciation. In reviewing PSC's motion for JNOV filed pursuant to Civ.R. 50(B), the trial court applied this Court's holding in *Harper v. Lefkowitz*, 10th Distr. No. 09AP-1090, 2010-Ohio-6527, ¶ 8, that a motion for JNOV may be granted only where "the evidence is totally insufficient to support the verdict." The trial court found as a matter of law that the jury's verdict on the issue of damages was not contrary to law and, therefore, PSC was not entitled to a new trial under Civ.R. 59(A)(7). The trial court stated further that it "decline[d] to exercise its discretion to order such new trial on damages as such would be inappropriate based on the evidence adduced at trial." (Feb. 25, 2019 Decision at 5.)

{¶ 16} On March 11, 2019, the trial court entered final judgment (1) denying Comtex and PIIC's August 14, 2018 motion to strike PSC's motion for JNOV/new trial, and (2) denying PSC's July 23, 2018 motion for JNOV/new trial.

{¶ 17} PSC timely appealed the trial court's rulings.

{¶ 18} Comtex and PIIC timely filed a cross-appeal as to the trial court's denial of their motion to strike PSC's motion for JNOV/new trial.

## II. ASSIGNMENTS OF ERROR

{¶ 19} For its appeal, PSC presents three assignments of error for our review:

> 1. The trial court abused its discretion in refusing to instruct the jury on Plaintiff-Appellee's duty to mitigate its damages.
>
> 2. The trial court erred in denying Defendant-Appellant PSC Metals, Inc.'s Motion Notwithstanding the Verdict.
>
> 3. The trial court erred in denying Defendant-Appellant PSC Metals, Inc.'s Motion for New Trial.

## III. CROSS-APPEAL

{¶ 20} Comtex and PIIC have filed a cross-appeal that presents one assignment of error for our review:

> The trial court erred in denying Plaintiffs-Cross-Appellants' Motion to Strike Defendant PSC Metal's [sic] Motion for Judgment Notwithstanding the Verdict and Motion for a New Trial because Defendant-Appellant PSC failed to timely file the motions and, therefore, the trial court lacked jurisdiction to rule on the motions.

## IV. LAW AND DISCUSSION: PSC'S APPEAL

### A. First Assignment of Error

#### 1. Standard of Review

{¶ 21} PSC contends the visiting judge abused his discretion in refusing to instruct the jury on Comtex and PIIC's duty to mitigate their damages. An appellate court reviews a trial court's refusal to give a requested jury instruction using an abuse of discretion standard. *Miller v. Lindsay-Green*, 10th Dist. No. 04AP-848, 2005-Ohio-6366, ¶ 91. An abuse of discretion occurs when a trial court's discretionary judgment is unreasonable, arbitrary, or unconscionable. *State ex rel. McCann v. Delaware Cty. Bd. of Elections*, 155 Ohio St.3d 14, 2018-Ohio-3342, ¶ 12; *State v. Meek*, 10th Dist. No. 16AP-549, 2017-Ohio-9258, ¶ 23. Even under an abuse of discretion standard, however, "no court has the authority, within its discretion, to commit an error of law." (Quotations and citations omitted.) *Shaw v. Underwood*, 10th Dist. No. 16AP-605, 2017-Ohio-845, ¶ 25; *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 7. As Justice O'Donnell of the modern Supreme Court of Ohio has opined, " '[a] court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts.' " *Independence v. Office*

*of the Cuyahoga Cty. Executive*, 142 Ohio St.3d 125, 2014-Ohio-4650, ¶ 49 (O'Donnell, J., dissenting), quoting *Doe v. Natl. Bd. of Med. Examiners*, 199 F.3d 146, 154 (3d Cir.1999). Absent an abuse of discretion on the part of the common pleas court, this Court may not substitute its judgment for that of the common pleas court. *Pons v. Ohio State Medical Bd.*, 66 Ohio St.3d 619, 621 (1993), citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.*, 40 Ohio St.3d 257, 260-61 (1988).

### 2. Discussion

{¶ 22} The visiting judge declined PSC's request to give the jury a "duty to mitigate" instruction, having determined that Comtex had no duty to mitigate under the facts of this matter. (Tr. Vol. III at 643-44.) The trial court further found there was insufficient evidence to show that there had been a way by which Comtex could have mitigated its loss until such time as it became aware of Turner's theft. PSC asserts the visiting judge's refusal constituted an abuse of discretion given that Comtex's witnesses had testified that Comtex knew carts were missing but did not take actions that would have limited Comtex's loss. Comtex counters that PSC's argument attempts to place comparative fault on Comtex. Based on our review of the record, we find that the visiting judge did not abuse his discretion in refusing to give a duty to mitigate instruction.

{¶ 23} The duty to mitigate arises only where the injured party has knowledge that it has sustained damages. *Baird v. Crop Prod. Servs., Inc.*, 12th Dist. No. CA2011-03-003, 2012-Ohio-4022, ¶ 37. The *Baird* decision quotes the decision in *Blumenthal Kahn Elec. Ltd. Partnership v. Bethlehem Steel Corp.*, 120 Md.App. 630, 644, 708 A.2d 1 (1998):

> It is axiomatic that, before the doctrine of mitigation of damages or avoidable consequences will operate to impose a duty upon a plaintiff to minimize a loss that he has incurred by virtue of the defendant's breach of contract, the plaintiff must be aware that he has sustained a loss; to require a plaintiff to mitigate damages that he does not know he has suffered would be patently unreasonable.

{¶ 24} The evidence adduced at trial clearly demonstrated that Comtex was unaware it had sustained a loss until the theft came to light in mid-September 2014. Before the theft was discovered, Comtex had no suspicion that carts were being stolen or that its employee, Turner, was stealing the carts. To the contrary, Comtex viewed Turner as a trusted employee, pleasant and hard-working. Comtex knew only that it was experiencing a cart

shortage, which it put down to carts being used inefficiently by its customers. There also was testimony that Comtex had taken on a major new customer in July 2014, which also could have explained why more carts were out. The evidence shows that Comtex began investigating the shortage in mid-August. The investigation included searching the facilities of Comtex's customers in an attempt to locate carts. The search was still being conducted when the theft was discovered in mid-September. Comtex's duty to mitigate did not exist until it knew that the loss had occurred and damages had been sustained. The record indicates that Comtex attempted to recover the carts immediately after becoming aware of the theft but was unable to do so because PSC had already shredded the carts and sold the scrap metal.

{¶ 25} There appears to be an attempt, from our review of the record and PSC's briefs, to place comparative fault on Comtex. However, the underlying action involves a claim for conversion, which is an intentional tort. *DSS Servs., LLC v. Eitel's Towing, LLC*, 10th Dist. No. 18AP-567, 2019-Ohio-3158, ¶ 32, citing *Estate of Barney v. Manning*, 8th Dist. No. 94947, 2011-Ohio-480, ¶ 12; *Erie Ins. Exchange v. Lansberry*, 7th Dist. No. 07 CP 6, 2008-Ohio-1553, ¶ 65. While conversion does not require a showing of wrongful intent to interfere with the owner's property rights, a plaintiff must demonstrate that the defendant intentionally exercised dominion or control over the property. *DSS Servs.* at ¶ 33, citing *Vienna Beauty Prods. Co. v. Cook*, 2d Dist. No. 2015-CA-1, 2015-Ohio-5017, ¶ 12; *Lansberry* at ¶ 67. Under Ohio law, contributory fault is not available as an affirmative defense to an intentional tort claim. R.C. 2315.32.

{¶ 26} Having independently reviewed the record, we find the trial court did not abuse its discretion in refusing PSC's request to instruct the jury that Comtex had a duty to mitigate its losses. We thus overrule PSC's first assignment of error.

## B. Second Assignment of Error

### 1. Standard of Review

{¶ 27} PSC next contends the trial court erred in denying its motion for JNOV because the evidence presented at trial was insufficient to establish the measure of damages awarded by the jury.

{¶ 28} A motion for JNOV is governed by Civ.R. 50(B), which states in part:

> (1) Whether or not a motion to direct a verdict has been made or overruled, a party may serve a motion to have the verdict and

> any judgment entered thereon set aside and to have judgment entered in accordance with the party's motion. Such a motion shall be served within twenty-eight days of the entry of judgment or, if the clerk has not completed service of the notice of judgment within the three-day period described in Civ.R. 58 (B), within twenty-eight days of the date when the clerk actually completes service. * * * A motion for a new trial may be joined with either motion, or a new trial may be requested in the alternative.
>
> * * *
>
> (3) If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment. If the judgment is reopened, the court shall either order a new trial or direct the entry of judgment, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence. If no verdict was returned the court may direct the entry of judgment or may order a new trial.

{¶ 29} A motion for JNOV presents a question of law because a court must examine the sufficiency of the evidence, not weigh the evidence or try the credibility of the witnesses. *Wagner v. Roche Laboratories*, 77 Ohio St.3d 116, 119 (1996). *See also Malone v. Courtyard by Marriott L.P.*, 74 Ohio St.3d 440, 445 (1996) ("The court is confronted solely with a question of law: Was there sufficient material evidence presented at trial on this issue to create a factual question for the jury?"). Therefore, an appellate court applies the de novo standard of review. *Harper,* 2010-Ohio-6527, at ¶ 8, citing *Kanjuka v. MetroHealth Med. Ctr.*, 151 Ohio App.3d 183, 2002-Ohio-6803, ¶ 14 (8th Dist.); *Miller*, 2005-Ohio-6366, at ¶ 52, citing *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 3.

## 2. Discussion

{¶ 30} This Court has held that a motion for JNOV may be granted only where "the evidence is totally insufficient to support the verdict." *Harper* at ¶ 8. The *Harper* court stated:

> A motion for judgment notwithstanding the verdict is used to determine only one issue: whether the evidence is totally insufficient to support the verdict. *McLeod v. Mt. Sinai Med. Ctr.*, 166 Ohio App.3d 647, 2006 Ohio 2206, 852 N.E.2d 1235, *reversed on other grounds*, 116 Ohio St.3d 139, 2007 Ohio 5587, 876 N.E.2d 1201. Neither the weight of the evidence nor

> the credibility of the witnesses is a proper consideration for the court. *Posin v. A.B.C. Motor Court Hotel, Inc.* (1976), 45 Ohio St.2d 271, 275, 344 N.E.2d 334; *Osler* at 347. In other words, if there is evidence to support the non-moving party's side so that reasonable minds could reach different conclusions, the court may not usurp the jury's function and the motion must be denied. *Osler.*

*Harper* at ¶ 8.

{¶ 31} The trial court's decision denying PSC's motion for JNOV states in part:

> In reviewing a motion for judgment notwithstanding the verdict filed pursuant to Civ.R. 50(B), a trial court is to use the same test as that applied on a motion for a directed verdict. The evidence presented at trial and the facts established in the record "must be construed most strongly in favor of the party against whom the motion is made, and, where there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions, the motion must be denied. Neither the weight of the evidence nor the credibility of the witnesses is for the court's determination in ruling upon either of the above motions. *Posin v. A.B.C. Motor Court Hotel,* 45 Ohio St. 2d 271, 275 (1976). A motion for JNOV may be granted only where "the evidence is totally insufficient to support the verdict." *Harper v. Lefkowitz,* 10th Dist. Nos. 09AP-1090, 09AP-1116, 2010-Ohio-6527.
>
> In applying the "reasonable minds test," and construing the evidence most strongly in favor of [Comtex and PIIC], the Court finds sufficient – and indeed, substantial – evidence was presented to support [Comtex and PIIC's] request for "value to owner" damages, without any discount for depreciation. Based on the evidence adduced at trial, the Court finds that the jury could conclude that [Comtex and PIIC] were entitled to receive $651,355.00 as damages for the conversion of the metal carts. Accordingly, the Court finds that PSC is not entitled to judgment notwithstanding the verdict under the test set forth above.

(Feb. 25, 2018 Decision at 3-4.)

{¶ 32} Based on our independent review of the record, we agree with the trial court's assessment.

{¶ 33} In conversion claims, the general rule for the measure of damages is the market value of the property at the time of conversion. *Erie RR. Co. v. Steinberg,* 94 Ohio St. 189 (1916), syllabus, ¶ 2. "Market value" or "fair value" is generally defined as " 'the price

that seller is willing to accept and buyer is willing to pay on the open market and in an arm's length transaction.' " *Perez Bar & Grill v. Schneider*, 9th Dist. No. 11CA10076, 2012-Ohio-5820, ¶ 35, quoting *Black's Law Dictionary* 1587 (8th Ed.2004).

{¶ **34**} An alternative to "value to owner" is the "market value" rule. If the property converted consists of articles for personal use, which have been used by the owner and therefore have little or no market value, the measure of damages is the reasonable value to the owner at the time of conversion. *Erie RR. Co.* at syllabus, ¶ 3. This doctrine recognizes that property may have value to the owner in exceptional circumstances, which is the basis of a better standard than what the article would bring on the open market. *Bishop v. E. Ohio Gas*, 143 Ohio St. 541, 546 (1944). "[T]o confine the proof of damage to market value only, in cases involving the worth of personal property which is specially adapted to the use of the owner, would in many cases deprive the owner of his right to have a jury assess his actual damage." *Groves v. Gray*, 74 Ohio App. 384, 386 (9th Dist.1942). The "value to owner" is determined by considering various factors, including original cost, value to owner, replacement cost, salvage value, if any, and fair market value at time of loss. *Cooper v. Feeney*, 34 Ohio App.3d 282, 284 (12th Dist.1986).

{¶ **35**} Ohio courts have recognized that in tort actions, including conversions, the appropriate measure of damages is that which will compensate to make the injured party whole. *Pryor v. Webber*, 23 Ohio St.2d 104, 107 (1970). The rule that the market value is the measure of damages for the wrongful conversion of personal property is subordinate to the fundamental rule that the owner must be fully compensated. *Bishop* at 546; *see also Rogers v. Standard Steel Casting Co.*, 16 Ohio App. 474, 480 (1922). Market value determination, where it is available, is a standard for measuring direct property loss; however, it "is a standard, not a shackle." *Bishop* at 546.

{¶ **36**} Based on our independent review of the record, we find substantial evidence that Comtex and PIIC are entitled to "value to owner" damages, without any discount for depreciation, in the amount of $651,355 for the conversion. The carts were custom made for Comtex's integrated operation, and there were no reasonably similar carts available on the open market. Comtex would be able to replace the destroyed carts only by ordering new carts from its manufacturer. Thus, Comtex could not make itself whole on the open market because no other cart would work with Comtrex's custom-designed operation. Also, with

one exception not material to this matter, the carts were not bought and sold after their original purchase. The carts were not bought or sold within the healthcare laundry industry, and there was no possible market for the carts as designed by Comtex. The evidence established that the carts had more value to Comtex because they were configured specifically for Comtex's custom-designed, integrated plant, machinery, and delivery trucks. While others might find the carts "useful," the carts were most valuable to Comtex. Thus, the carts had a value to Comtex that no potential buyer could match.

{¶ 37} It was within the jury's purview to decide whether to depreciate the value of the carts. The jury was presented with evidence from Comtex as to the carts' value to Comtex, the original costs, the replacement costs, the carts' durability and lifespan to support full replacement value without depreciation, and the ability to repair the carts such that their value was maintained. The jury also was presented with evidence from PSC's expert regarding the estimated fair market value of the carts, including deduction for depreciation. It then was up to the jury to decide the weight to afford the evidence presented and the credibility of the witnesses.

{¶ 38} Construing the evidence presented at trial and the facts established in the record "most strongly in favor of the party against the motion is made, and, when there is substantial evidence to support his side of the case, upon which reasonable minds may reach different conclusions," PSC's motion for JNOV must be denied. (Internal quotation and citation omitted.) (Feb. 25, 2019 Decision at 4.) As noted previously, a motion for JNOV may be granted only where "the evidence is totally insufficient to support the verdict." *Harper* at ¶ 8. We find that Comtex offered some credible evidence to support the jury's damage calculation and that calculation should not be disturbed. *Sullivan v. Morgan*, 10th Dist. No. 93AP-747 (Mar. 24, 1994).

{¶ 39} PSC's second assignment of error is overruled.

## C. Third Assignment of Error

### 1. Standard of Review

{¶ 40} Finally, PSC contends the trial court erred in denying its alternative motion for a new trial where the judgment was contrary to law and that PSC is entitled to a new trial. Civ.R. 59(A) provides in relevant part:

> Grounds for new trial.

> A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
>
> * * *
>
> (7) the judgment is contrary to law.

{¶ 41} The *Harper* court addressed the standard for appellate review of a motion for a new trial under Civ.R. 57(A) as follows:

> Because a trial court has broad discretion in determining whether a jury verdict is against the manifest weight of the evidence, *Osler v. Lorain* (1986), 28 Ohio St.3d 345, 351, 28 Ohio B. 410, 504 N.E.2d 19, a trial court's ruling on a motion for a new trial based upon the weight of the evidence will not be reversed absent an abuse of discretion. *Antal v. Olde Worlde Products, Inc.* (1984), 9 Ohio St.3d 144, 145, 9 Ohio B. 392, 459 N.E.2d 223. Moreover, when a jury's award is supported by some competent, credible evidence going to the essential elements of the case, that award will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 280, 376 N.E.2d 578. In the area of damages in a personal injury case, neither a reviewing court nor a trial court can substitute its judgment for that of the jury. *Litchfield v. Morris* (1985), 25 Ohio App.3d 42, 44, 25 Ohio B. 115, 495 N.E.2d 462. A trial court's ruling on a motion for a new trial premised upon Civ.R. 59(A)(7), however, presents questions of law reviewed de novo. *O'Day v. Webb* (1972), 29 Ohio St.2d 215, 280 N.E.2d 896; *Ferguson v. Dyer*, 149 Ohio App.3d 380, 2002 Ohio 1442, P10, 777 N.E.2d 850, citing *Rohde v. Farmer* (1970), 23 Ohio St.2d 82, 262 N.E.2d 685, paragraph two of the syllabus.

*Harper* at ¶ 6.

### 2. Discussion

{¶ 42} PSC argues the trial court abused its discretion when it denied its motion for a new trial. The trial court's decision stated in relevant part as follows:

> Here, the Court finds as a matter of law that the jury's verdict on the issue of damages was not contrary to law. As discussed above, [Comtex and PIIC] presented more than sufficient evidence to justify the jury's conclusion that [Comtex and PIIC] were entitled to damages based on the "value to owner" standard, without any diminution in value for depreciation. The verdict was not contrary to law and PSC is not entitled to a new trial pursuant to Civ.R. 59(A)(7). Furthermore, the Court

> declines to exercise its discretion to order such a new trial on damages as such would be inappropriate based on the evidence adduced at trial.

(Feb. 25, 2019 Decision at 5.)

{¶ 43} Having independently reviewed the record and briefs and listened to oral arguments, we find that the trial court did not err in denying PSC's motion for a new trial.

{¶ 44} PSC's third assignment of error is overruled.

## V.  LAW AND DISCUSSION:  CROSS-APPEAL OF COMTEX AND PIIC

{¶ 45} In their sole assignment of error, Comtex and PIIC argue that PSC's motion for JNOV/new trial was untimely filed under Civ.R. 50(B) and 59, and the trial court was without jurisdiction to consider either setting aside the verdict in favor of PSC or granting PSC a new trial. Because we already have determined that PSC was not entitled to either judgment notwithstanding the verdict or a new trial, we decline to consider Comtex's and PIIC's assignment of error, and we moot their cross-appeal.

## VI.  CONCLUSION

{¶ 46} Based on our independent review of the record, we hold that the trial court did not err in denying PSC's motion for JNOV/new trial.  We overrule PSC's three assignments of error and affirm the judgments of the Franklin County Court of Common Pleas.

{¶ 47} Additionally, we decline to consider Comtex's and PIIC's sole assignment of error on cross-appeal, finding it to be moot.

*Judgments affirmed.*

BEATTY BLUNT and NELSON, JJ., concur.