[Cite as *State v. Mazan*, 2023-Ohio-4385.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230053 |
| | | TRIAL NO. C-22TRC-16709A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| BRADLEY MAZAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 6, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Suhre & Associates, LLC,* and *Ryan Nelson*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

**{¶1}** Bradley Mazan appeals from the trial court's order of restitution, arguing that the trial court abused its discretion by ordering restitution when the insurance company fully compensated the victim for the damage to her vehicle, and the restitution order was for repairs to the replacement vehicle. For the following reasons, we reverse the judgment of the trial court and remand the cause for the trial court to vacate the restitution order.

## Background

**{¶2}** On July 17, 2022, Bradley Mazan was driving in Green Township when he ran into a parked car and a tree. Mazan was charged with and found guilty of operating his vehicle while under the influence and failing to maintain reasonable control of the vehicle. At the time of the accident, Mazan provided proof of insurance.

**{¶3}** The state requested restitution in the amount of $4,236.10 based on the victim's statements and receipts in the victim-impact statement. The victim explained that the car, a 2014 Honda CRV, was totaled. She "went through [her] insurance and [was] reimbursed for everything. They paid for the car itself." The victim had purchased a replacement vehicle and sought restitution for the repairs that were subsequently made to the replacement vehicle. According to the victim, the replacement vehicle was a "downgrade from what we were driving."

**{¶4}** The first receipt was for $1,354.61, dated August 10, 2022, for a 2015 Chrysler 200SDN. Jake Sweeney Chrysler-Jeep performed an inspection for $195 and replaced a leaking oil cooler for $952.50. The remaining $109.09 was for an oil and filter change. The second receipt from Jake Sweeney Chrysler-Jeep was dated October 6, 2022, in the amount of $2,266.87, to replace the radiator and thermostat, flush the

cooling system, replace the washer fluid reservoir, and replace the left front seat heater. The third receipt was dated November 28, 2022, from Jim's Auto Clinic. The valve cover gasket was cleaned and a new gasket was installed for $614.62.

**{¶5}** The trial court awarded restitution in the amount of $4,206.10 for the cost of the repairs for the victim's replacement vehicle.

**{¶6}** Mazan now appeals, arguing that the court erred by basing the restitution amount on repairs to the replacement vehicle instead of the victim's economic loss.

### Law and Analysis

**{¶7}** We review a trial court's award of restitution for an abuse of discretion. *State v. Miles*, 1st Dist. Hamilton No. C-210226, 2021-Ohio-4581, ¶ 5. "A trial court abuses its discretion by ordering restitution in an amount that does not bear a reasonable relationship to the actual loss suffered." *In re A.B.*, 1st Dist. Hamilton No. C-210010, 2021-Ohio-4273, ¶ 8, citing *In re M.N.*, 1st Dist. Hamilton No. C-160522, 2017-Ohio-7302, ¶ 8.

**{¶8}** Under R.C. 2929.28(A)(1), a court may award restitution to the victim of the offender's crime, in an amount based on the victim's economic loss. "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L). "[W]hen a vehicle has been totally destroyed, 'the measure of damages is its reasonable market value immediately before destruction.' " *State v. Moore*, 1st Dist. Hamilton No. C-220421, 2023-Ohio-3318, ¶ 12, quoting *Falter v. Toledo,* 169 Ohio St. 238, 240, 158 N.E.2d 893 (1959). Thus, the economic loss suffered by the victim when a vehicle has been destroyed is the fair market value of the vehicle prior to the accident. *See id.* at ¶ 12.

{¶9} Here, the victim's car was totaled, so the economic loss suffered by the victim was the fair market value of the vehicle that was destroyed. *See id.* The victim admitted that she was fully compensated by the insurance company for the destroyed vehicle.

{¶10} The state contends that "there is no evidence as to what the actual value of the totaled vehicle was or how the court's order exceeded the amount of economic loss the victim suffered." However, the record does not support this assertion. During the restitution hearing, the victim and the prosecutor admitted that the insurance company reimbursed the victim for the value of the destroyed vehicle. The restitution request was based on repairs to the replacement vehicle purchased by the victim. Moreover, the trial court acknowledged that the victim was paid "what the car was worth." The court awarded a restitution amount that was based solely on the repairs to the replacement vehicle. Therefore the trial court abused its discretion by ordering an amount of restitution that exceeded the economic loss that the victim incurred as a proximate result of Mazan's criminal conduct. *See id.*

{¶11} Accordingly, we sustain the assignment of error.

## Conclusion

{¶12} Having sustained the sole assignment of error, we reverse the judgment of the trial court and remand the cause to the trial to vacate the restitution order.

Judgment reversed and cause remanded.

**BOCK** and **KINSLEY, JJ.,** concur.

Please note:
The court has recorded its own entry this date.