[Cite as *In re N.V.*, 2024-Ohio-2197.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re N.V.

Court of Appeals No. E-23-038

Trial Court No. 2022 JF 065

**<u>DECISION AND JUDGMENT</u>**

Decided:  June 7, 2024

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, and
Kristin R. Palmer, Assistant Prosecuting Attorney, for appellee.

Brooke M. Burns, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a May 24, 2023 judgment of the Erie County Court of Common Pleas, Juvenile Division, adopting the January 23, 2023 magistrate's restitution recommendation, ordering appellant to pay one-half of the $1,909.76 restitution ordered by the court, with the other one-half ordered to be paid by the co-defendant.  To

determine restitution, at appellant's request, the trial court conducted a separate evidentiary hearing.

{¶ 2} This case centers upon a new electronic bike ("ebike"), which was stolen, damaged, left in unsafe operating condition, and recovered from appellant's possession. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, N.V., sets forth the following sole assignment of error:

"The juvenile court erred when it ordered N.V. to pay $954.88 of restitution without sufficient competent, credible evidence that N.V.'s behavior was the proximate cause of the economic loss suffered by the victim and where the actual loss was not demonstrated."

{¶ 4} The following undisputed facts are relevant to this appeal. On September 13, 2022, Austen Neiding ("victim") purchased a new PowerMax Titan ebike through Amazon for $1,909.76. The purchase receipt and product specification documentation submitted by the victim at the restitution hearing show that the new ebike was equipped with an electric motor, rechargeable battery, electronic display monitor, custom black and orange factory paint job, and was capable of traveling at 35 m.p.h.

{¶ 5} On October 22, 2022, several weeks after being purchased, the victim's lock was cut, and the ebike was stolen. Appellant, along with one co-defendant, were found to be responsible for the incident, and the stolen ebike was recovered from appellant's possession. Upon recovery, the ebike's electronic display monitor was badly cracked, the factory paint job was spray painted over, and it was mechanically malfunctioning.

2.

Specifically, the ebike would now sporadically shut down after short distances and would not reliably restart, rendering it unsafe.

{¶ 6} On October 24, 2022, appellant was charged with one count of receiving stolen property, in violation of R.C. 2913.51(C), a felony of the fifth degree if committed by an adult, and one count of obstruction of official business, in violation of R.C. 2921.31, a misdemeanor of the second degree if committed by an adult, for identifying himself with a false name to the investigating police officer.

{¶ 7} On November 2, 2022, pursuant to a negotiated plea agreement, appellant entered admissions to delinquency on one count of receiving stolen property, as amended to a misdemeanor of the first degree, and to the count of obstruction of official business. On November 30, 2022, appellant's disposition hearing was conducted. Appellant was placed on probation, ordered to undergo a mental health assessment, given a fine and court costs, both of which were suspended, and ordered to pay proportional restitution. Counsel for appellant requested an evidentiary hearing on restitution, which was granted by the trial court.

{¶ 8} On January 12, 2023, the restitution hearing was conducted. The victim presented the court with his sales receipt and accompanying product specification documentation establishing his September 13, 2022 purchase of the new ebike through Amazon for $1.909.76. The victim also testified in detail, describing the various ebike features and performance capabilities when it was purchased, as collaborated by the accompanying documentation.

3.

{¶ 9} The victim next described to the trial court the damaged, unreliable, and unsafe condition of the ebike following the theft and recovery of it. The victim explained, "[I]t just randomly shut[s] off * * * I even need to pull over just to make sure that I have it back on correctly. Because with the display cracked as well, sometimes you don't see it * * * it was spray-painted * * * it keeps shutting off." Appellee then inquired, "Do you believe that the most reasonable thing for you to do is to replace the bike?" The victim replied, "Yes."

{¶ 10} Appellant, who had requested the hearing, called no witnesses and offered no evidence. Appellee then concluded,

> [A]s a result of this offense, the bike was pretty thoroughly destroyed, taken and spray-painted with spray paint. It doesn't work. It's an electric bike. It doesn't work as it was designed to function and, as a result, the state is seeking the – it'd be half the value of the bike so that the victim can replace that bike, which would be the amount of the economic harm, which is allowed by statute.

{¶ 11} In response, counsel for appellant summarily stated, "We don't believe that you have enough evidence before you to order restitution in this case." The trial court then stated that it would take the matter under advisement and subsequently issue a written restitution recommendation.

{¶ 12} On January 23, 2023, the magistrate's written restitution recommendation was issued. The trial court first noted that the co-defendant had voluntarily agreed to pay

4.

one-half of the restitution at the commencement of the restitution hearing. The trial court then found that the victim had purchased the new PowerMax Titan ebike on September 13, 2022 for $1,909.76, and that it possessed the above-described features and capabilities. The trial court next summarized the damage done to the ebike when in the possession of appellant, and found that, "In its present condition, [it] has no value to [the victim]." Based upon the evidence presented, the trial court ordered that appellant pay $954.88 in restitution, the other one-half owed to the victim, totaling $1,909.76 in restitution, to enable the replacement of the ebike.

{¶ 13} Appellant filed an objection to the restitution recommendation, suggesting, without evidentiary support, that the ebike could have been repaired to original condition and working order on a more cost-effective basis than replacement. On May 24, 2023, the trial court denied appellant's objection and adopted the magistrate's restitution recommendation. This appeal ensued.

{¶ 14} In the sole assignment of error, appellant alleges that the trial court order, directing appellant to pay one-half of the restitution to the victim, was not supported by sufficient competent, credible evidence. We are not convinced.

{¶ 15} As set forth in *In re A.B.*, 2021-Ohio-4273, ¶ 8 (1st Dist.),

A decision to award restitution lies within the sound discretion of a juvenile court and will not be reversed on appeal absent an abuse of discretion. *In re M.N.*, 2017-Ohio-7302, 96 N.E.3d 980, ¶8 (1st Dist.), citing *In re M.A.*, 2016-Ohio-1161, 61 N.E.3d 680, ¶ 12 (11th Dist.). There must be

5.

competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. *Id.*, citing *State v. Seele*, 6th Dist. Sandusky No, S-13-025, 2014-Ohio-1455, ¶ 9. A trial court abuses its discretion by ordering restitution in an amount that does not bear a reasonable relationship to the actual loss suffered. (Citations omitted). *Id*.

{¶ 16} As consistently held by this court in *State v. Wright*, 2018-Ohio-2599, ¶ 18 (6th Dist.), "To be a lawful order, the amount of restitution must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty." Lastly, as held by *State v. Benko*, 2019-Ohio-3968, ¶ 10 (9th Dist.), "The victim's testimony alone may be sufficient to establish his or her economic loss."

{¶ 17} In applying the above-described legal framework to this case, we note the record contains unrefuted evidence, both testimonial evidence, which can in and of itself be sufficient in accord with *Benko*, and bolstered by consistent documentary evidence, that on September 13, 2022, the victim purchased a new PowerMax Titan ebike on Amazon for $1,909.76. The record shows that the new ebike was stolen several weeks later and was recovered from appellant. The record likewise contains unrefuted evidence that upon recovery from appellant, the bike was badly damaged, both in physical appearance and in mechanical function, such that it could no longer be reliably, safely operated by the victim.

6.

**{¶ 18}** Accordingly, based upon these facts and circumstances, the trial court determined that the amount of restitution owed to the victim was the replacement value of the ebike, $1,909.76. The co-defendant voluntarily agreed to pay one-half of that amount. Appellant disputes responsibility for the remainder of the restitution. Appellant argues, both in objecting to the magistrate's restitution recommendation, as well as upon appeal, that the victim should have been able to have the ebike restored to original condition and working order on a more cost-effective basis than replacement. While appellant offers no evidence in support of the suggestion of a more cost-effective alternative, the victim demonstrated the cost incurred in acquiring the ebike, and the corresponding loss incurred after it was stolen several weeks later and recovered from appellant in unusable condition.

**{¶ 19}** Based upon the forgoing, we find that the record contains sufficient competent and credible evidence to a reasonable degree of certainty that the amount of restitution ordered bears a reasonable, equivalent relationship to the actual loss suffered, which is the replacement value of the ebike. Accordingly, we find appellant's assignment of error not well-taken.

7.

**{¶ 20}** Wherefore, the judgment of the Erie County Court of Common Pleas, Juvenile Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.       _____
                   JUDGE

Gene A. Zmuda, J.

                 _____
Charles E. Sulek, P.J.        JUDGE
CONCUR.

                 _____
                   JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.