[Cite as *State v. Policano*, 2025-Ohio-2459.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240503 |
| | | TRIAL NO. C/24/CRB/2949/A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| TANYA POLICANO, | : | |
| Defendant-Appellant. | : | |

This cause was heard upon the appeal, the record, and the briefs.

The judgment of the trial court is affirmed for the reasons set forth in the Opinion filed this date.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs are taxed under App.R. 24.

The court further orders that 1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 7/11/2025 per order of the court.**

**By:**_____
           **Administrative Judge**

[Cite as *State v. Policano*, 2025-Ohio-2459.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240503 |
| | | TRIAL NO. C/24/CRB/2949/A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| TANYA POLICANO, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: July 11, 2025

*Connie M. Pillich*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman*, *Jr.*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua Thompson*, Assistant Public Defender, for Defendant-Appellant.

**Bock, Judge.**

**{¶1}** Defendant-appellant Tayna Policano crossed neighborly and legal boundaries when she damaged her neighbor's front door. The issue in this appeal is how much Policano must pay in restitution. Specifically, we consider how trial courts may measure the value of property when awarding restitution.

**{¶2}** We hold that the trial court did not abuse its discretion when it relied on the replacement cost of the damaged property to determine the victim's economic loss and award restitution when the property's value before the damage was not readily discernable. And we hold that the trial court did not abuse its discretion when it relied on a higher-priced estimate as a basis for a restitution award for damaged property where the lower-priced estimate failed to account for the full scope of replacing the damaged property.

**{¶3}** We overrule the assignment of error and affirm the restitution award.

## I.    *Factual and Procedural History*

**{¶4}** Policano pleaded guilty to criminal damaging under R.C. 2909.06(A)(1) for damaging her neighbor's "solid wood" front door.

**{¶5}** At the restitution hearing, Policano's neighbor explained that her house was constructed in 1966, and she moved into the house in 2017. Her neighbor suspected that the front door is original to the house.

**{¶6}** Policano's neighbor contacted five contractors for repair estimates. But multiple contractors remarked that the damage was beyond repair and the door needed to be replaced. Of those five contractors, two returned formal estimates to replace the front door.

**{¶7}** Relevant here, Hattery and Rowan Construction, LLC, returned a $4,663.60 estimate to replace the door: $3,288.60 for a "Craftsman Knotty Alder 7"

pre-hung door and $1,375 for labor. Policano's neighbor also found a "Craftsman Knotty Alder" pre-hung door listed on Home Depot's website for $1,818. But, the State explained, Home Depot's price excluded labor and fixtures.

**{¶8}** The trial court imposed a suspended 90-day jail sentence and two years of community control and ordered Policano to pay $4,663 in restitution.

## II. Analysis

**{¶9}** On appeal, Policano challenges two aspects of the trial court's restitution order. First, she argues that the trial court must limit restitution to the value of the property as it existed before the offense. Second, she argues that the trial court's restitution award should have reflected the cost of the door at Home Depot. Unconvinced, we affirm the restitution award.

**{¶10}** As a financial sanction for a misdemeanor offense, a sentencing court may award restitution to a crime victim who bore an economic loss as a result of the crime. R.C. 2929.28(A)(1). If restitution is disputed, the sentencing court must hold an evidentiary hearing and "determine the amount of full restitution by a preponderance of the evidence." *Id.*

**{¶11}** We review the sentencing court's restitution award for an abuse of discretion. *State v. Palmer*, 2024-Ohio-1445, ¶ 17 (1st Dist.); *see State v. Nelson*, 2024-Ohio-1773, ¶ 10 (1st Dist.). A trial court acts within its discretion when its restitution award is supported by competent and credible evidence. *Id.*, quoting *State v. Betley*, 2018-Ohio-2516, ¶ 13 (8th Dist.).

### A. *The trial court reasonably relied on the door's replacement cost*

**{¶12}** First, Policano argues that the restitution award must reflect the value of her neighbor's front door as it existed before it was damaged.

**{¶13}** Ohio's sentencing statutes limit restitution amounts to the victim's economic loss. *Id.* Economic loss includes "any economic detriment suffered by a victim as a direct and proximate result of the commission of the offense and includes . . . any property loss . . . incurred as a result of the commission of the offense." R.C. 2929.01(L). Before a trial court may order restitution, the economic loss "'must be established to a reasonable degree of certainty.'" *State v. Macquarrie,* 2009-Ohio-2182, ¶ 7 (2d Dist.), quoting *State v. Golar,* 2003-Ohio-5861, ¶ 12 (11th Dist.). And the restitution amount must be reasonably related to the victim's actual loss. *In re A.B.,* 2020-Ohio-4273, ¶ 8 (1st Dist.), quoting *In re M.N.,* 2017-Ohio-7302, ¶ 8 (1st Dist.).

**{¶14}** Policano contends that the trial court should have followed this court's restitution analysis in *Palmer,* 2024-Ohio-1445 (1st Dist.). In *Palmer,* we explained that, for "vehicles, damage may be determined by demonstrating the reasonable cost to repair the vehicle." *Id.* at ¶ 20. But "when a vehicle has been totally destroyed, '"the measure of damages is its reasonable market value immediately before destruction."'" *State v. Moore,* 2023-Ohio-3318, ¶ 12 (1st Dist.), quoting *State v. Caldwell,* 2023-Ohio-355, ¶ 17 (4th Dist.), quoting *Falter v. Toledo,* 169 Ohio St. 238, 240 (1959); *see State v. Mazan,* 2023-Ohio-4385, ¶ 17 (1st Dist.) ("The victim's car was totaled, so the economic loss suffered by the victim was the fair market value of the vehicle that was destroyed."). The fair market value is "[t]he price that a seller is willing to accept and a buyer is willing to pay on the open market and in an arm's-length transaction." *Black's Law Dictionary* (8th Ed. 2004).

**{¶15}** But the rule that we recited in *Palmer* has been described as "specific guidance regarding the right to recover for damage to an automobile." *Karr v. Salido,* 2024-Ohio-1141, ¶ 33 (10th Dist.). Of course, the "market value" is considered "the standard which the courts insist on as a measure of direct property loss." *Bishop v. E.*

*Ohio Gas Co.,* 143 Ohio St. 541, 546 (1944). Yet, "market value. . . 'is a standard, not a shackle.'" *Cent. Ohio Med. Textiles v. PSC Metals, Inc.,* 2020-Ohio-591, ¶ 35 (10th Dist.), quoting *Bishop* at 546. Relying on the fair market value of property to determine value makes sense in cases where the destroyed or stolen property's fair market value is readily discernible. *In re D.P.,* 2025-Ohio-95, ¶ 16 (9th Dist.).

**{¶16}** But for property where the fair market value is not discernible, courts have relied on the cost to replace the damaged or stolen property when awarding restitution. *See id.* at ¶ 19 (rejecting a challenge to a restitution award based on the replacement cost of a GPS monitor); *see also In re N.V.,* 2024-Ohio-2197, ¶ 19 (6th Dist.) (relying on replacement cost of a stolen e-bike); *State v. Daniels*, 2015-Ohio-5348, ¶ 35 (1st Dist.) (relying on cost to replace stolen property); *State v. Williams*, 2017-Ohio-125, ¶ 18 (2d Dist.) (relying on the cost to replace a fence).

**{¶17}** Federal courts considering restitution awards have held that the "replacement cost may be an appropriate measure of value when the fair market value is difficult to determine or would inadequately capture the value of the victim's actual losses." *United States v. Steele*, 897 F.3d 606, 612 (4th Cir. 2018), citing *United States v. Simmonds*, 235 F.3d 826, 832 (3d Cir. 2000). The Sixth Circuit has held that replacement cost may be the basis of a restitution award "[w]hen destroyed property is unique or lacks a broad and active market." *United States v. Genschow,* 645 F.3d 803, 814 (6th Cir. 2011); *see United States v. Kaplan,* 839 F.3d 795, 802-803 (9th Cir. 2016) ("Where property is personal or unique, or neither fungible nor easily sold on a viable market, district courts should be permitted the discretion to make victims whole by determining an appropriate measure of value under the circumstances of the case before them.").

**{¶18}** The trial court's reliance on the front door's replacement cost was reasonable considering the evidence presented at the restitution hearing, including estimates to replace the door, pictures of the door immediately after Policano damaged it, and testimony from the owner describing its condition. Plus, if a defendant "wishes to raise the claim that the cost [] exceeds market value, [s]he bears the burden of proving it." *State v. Green-Sarubbi,* 2025-Ohio-2112, ¶ 11 (11th Dist.). Policano failed to produce any evidence regarding the value of her neighbor's door.

### B. *The trial court reasonably relied on the contractor's estimate*

**{¶19}** Policano maintains that the trial court abused its discretion because the estimate on which it relied for its restitution award included a $3,288.60 price tag for a door that costs only $1,818 at Home Depot. She asks this court to reduce the restitution award by $1,470.60, or the difference between the Hattery and Rowan estimate and the price of the door at Home Depot.

**{¶20}** But, as the State points out, the Hattery and Rowan Construction, LLC, estimate includes the door jamb, fixtures, and shipping. The trial court's reliance on the estimate was neither unreasonable nor arbitrary.

**{¶21}** We overrule the assignment of error and affirm the restitution award.

### III. *Conclusion*

**{¶22}** We overrule Policano's assignment of error and affirm the trial court's restitution award.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

7