[Cite as *Ellis v. Columbus Dev. Ctr.*, 2018-Ohio-933.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kimberly Ellis, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 17AP-384 |
| v. | : | (C.P.C. No. 15CV-9755) |
| Columbus Developmental Center | : | (REGULAR CALENDAR) |
| and Stephen Buehrer, Administrator Bureau of Workers' Compensation, | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 13, 2018

**On brief:** *Renny J. Tyson Co., LPA*, and *Renny J. Tyson*, for appellant. **Argued:** *Renny J. Tyson*.

**On brief:** *Michael DeWine*, Attorney General, and *Shaun P. Omen*, for appellee Columbus Developmental Center. **Argued:** *Michael J. Roche*.

**On brief:** *Michael DeWine*, Attorney General, and *Nathan P. Franzen*, for appellee Administrator, Ohio Bureau of Workers' Compensation. **Argued:** *Nathan P. Franzen*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Kimberly Ellis, appeals from a judgment of the Franklin County Court of Common Pleas denying her claims for workers' compensation pursuant to the court's ruling on a motion for directed verdict filed by defendant-appellee Columbus Developmental Center ("Columbus Developmental") as to one claim and pursuant to jury verdicts as to Ellis's two other claims. For the reasons that follow, we reverse in part and affirm in part.

## I.  Facts and Procedural History

{¶ 2}   Ellis suffered an injury on October 29, 2014 in the course of her employment as a licensed practical nurse at Columbus Developmental. She submitted a claim to defendant-appellee Ohio Bureau of Workers' Compensation ("BWC"), which was allowed for sprain and strain injuries.  Ellis subsequently requested recognition of additional claims for: (1) lumbar disc herniation L2-3, (2) lumbar disc herniation L5-S1, and (3) lumbar radiculitis L4-5. A BWC district hearing officer denied the additional claims.  Ellis appealed and a BWC staff hearing officer modified the district hearing officer's order, but continued the denial of Ellis's additional claims.  Ellis appealed to the Industrial Commission of Ohio ("commission'), which denied her appeal and issued a final order denying her additional claims.

{¶ 3}   Pursuant to R.C. 4123.512, Ellis appealed the commission's order to the Franklin County Court of Common Pleas, where a jury trial was conducted on her claims. Ellis testified at trial and called as a witness Karey Peters, an investigator for Columbus Developmental, who testified regarding the circumstances of the workplace incident that resulted in Ellis's injury. Ellis also presented video testimony from a physician who had treated her injury, Dr. Dustin Zimpfer. At the close of Ellis's presentation, Columbus Developmental moved for a directed verdict on Ellis's claim for lumbar radiculitis L4-5, arguing that it was not a compensable injury as defined by the workers' compensation statutes because it was a symptom rather than a condition. Ellis argued in response that lumbar radiculitis was a compensable condition. After considering the arguments, the trial court granted Columbus Developmental's motion for directed verdict on the claim for lumbar radiculitis L4-5 and the case proceeded on Ellis's remaining two claims. Columbus Developmental presented video testimony from two physicians who had examined Ellis, Drs. Douglas Gula and Douglas Reader.  The jury ruled Ellis was not entitled to participate in the workers' compensation fund for the conditions of lumbar disc herniation at L2-3 or substantial aggravation of lumbar disc herniation at L5-S1.[1]  On May 2, 2017, the trial court

---

[1] Ellis's complaint asserted the BWC and the commission denied her claim for lumbar disc herniation at L5-S1. Ellis ultimately presented a claim in the Franklin County Court of Common Pleas for substantial aggravation of lumbar disc herniation at L5-S1. Because Ellis does not challenge the jury's verdict as to that claim in the present appeal, we simply note this apparent discrepancy for purposes of clarifying our recitation of the procedural history of the case.

entered a final judgment entry ordering that pursuant to its grant of directed verdict in favor of Columbus Developmental on the claim for lumbar radiculitis L4-5 and the jury verdicts on the claims of lumbar disc herniation L2-3 and substantial aggravation of lumbar disc herniation at L5-S1, Ellis was not entitled to participate in the workers' compensation fund for those claims.

## II. Assignment of Error

{¶ 4}   Ellis appeals and assigns the following single assignment of error for our review:

> The trial court erred in granting Defendants' Motion for Directed Verdict finding that lumbar radiculitis at L4-L5 was a pain complaint and not a condition or injury for which Plaintiff could participate in the benefits of the Ohio Workers' Compensation Fund.

## III. Discussion

{¶ 5}   In her sole assignment of error, Ellis claims the trial court erred by granting Columbus Developmental's motion for directed verdict on her claim for lumbar radiculitis at L4-5. Pursuant to Civ.R. 50(A)(4), a motion for directed verdict shall be granted when, after construing the evidence most strongly in favor of the non-moving party, the court finds that reasonable minds could come to only one conclusion and that conclusion is adverse to the non-moving party. *White v. Leimbach*, 131 Ohio St.3d 21, 2011-Ohio-6238, ¶ 22; *RAE Assocs., Inc. v. Nexus Communications, Inc.*, 10th Dist. No. 14AP-482, 2015-Ohio-2166, ¶ 12. "The 'reasonable minds' test mandated by Civ.R. 50(A)(4) requires the court to discern only whether there exists any evidence of substantive probative value that favors the position of the nonmoving party." *Goodyear Tire & Rubber Co. v. Aetna Cas. & Sur. Co.*, 95 Ohio St.3d 512, 2002-Ohio-2842, ¶ 3 We review de novo a trial court's decision granting a motion for directed verdict. *White* at ¶ 22.

{¶ 6}   Under the workers' compensation system, subject to certain exceptions, an employee who is injured or contracts an occupational disease in the course of employment is entitled to compensation for loss sustained due to that injury or occupational disease. R.C. 4123.54(A); *Edney v. Life Ambulance Serv., Inc.*, 10th Dist. No. 11AP-1090, 2012-Ohio-4305, ¶ 14. This court and others have distinguished between symptoms, which are manifestations of an underlying condition, and conditions or injuries. *Edney* at ¶ 15. Based

on this reasoning, courts have held that various forms of pain symptoms do not constitute compensable injuries under the workers' compensation system. *Id.* at ¶ 16. In the present case, the trial court granted Columbus Developmental's motion for directed verdict on Ellis's lumbar radiculitis claim based on its conclusion that Ellis's lumbar radiculitis was a symptom associated with disc herniation, not a stand-alone condition. The trial court relied on the following testimony from Dr. Zimpfer in support of its conclusion:

> Q. And what did the EMG demonstrate?
>
> A. It demonstrated a motor neuron deficit at L4-L5, which would be associated with an L5 disc herniation.
>
> * * *
>
> Q. So based on that, did that lead you to any conclusions regarding whether or not she had a radiculopathy?
>
> A. Yeah.
>
> It seems pretty cut and dry to me at the time that it was nerve pain coming from that disc area.

(Zimpfer Depo. at 16-17.) Citing this testimony, along with this court's decision in *Edney* and the decision of the Fifth District Court of Appeals in *Foor v. Rockwell Internatl.*, 5th Dist. No. 92 CA 109 (Aug. 10, 1993), the trial court held that lumbar radiculitis was not an allowable condition under the workers' compensation system.

{¶ 7} On appeal, Ellis argues the trial court failed to properly apply the test for a motion for directed verdict and disregarded testimony from Dr. Zimpfer indicating that Ellis's lumbar radiculitis was a condition and not merely a pain complaint or a symptom of some other injury. Specifically, Ellis cites the following testimony:

> Q. Doctor, once you had this information and you had treated Miss Ellis, were you able to reach a diagnosis of her condition resulting from the October 29th, 2014, injury?
>
> A. Yeah.
>
> In my medical opinion at the time it was, uhm, a noted diagnosis of a L2-L3 disc herniation, a substantial aggravation of her old L5-S1 disc herniation, and the new lumbar radiculitis.

* * *

Q. Okay. And on January 12th, 2015, did you actually indicate your opinion you had at that time?

Can you look at the discussion area and tell us what you found.

A.  Yeah.

And basically a discussion regarding the MRI and the NCV/EMG, stating, you know, that the injury resulted in an L2-L3 disc herniation, as well as an aggravation of the L5-S1 disc herniation, and the lumbar radiculitis at the L4-L5 nerve root.

Q. Can you tell us what you mean when you say in your report that her left leg radicular complaint is L2-3 disc herniation were absent prior to the work injury that occurred on 10/29/14, in regards to the L5-S1 herniation it is my medical opinion that the work injury substantially aggravated any pre-existing condition?

A. Yeah.

Q. Can you tell us what you mean by that?

A. What I mean by that is her lower back pain was worsened by the injury – or her radicular lower back pain was worsened, there was a new condition at the L2-L3 disc herniation, and then a new condition of the lumbar radiculitis that she did not have previous to injury.

* * *

Q. I'd like to ask you, sir, do you have an opinion based upon a reasonable degree of chiropractic medical certainty and probability as to whether there is a direct and causal relationship between Plaintiffs' work injury of 10/29/14, and there is three different conditions, so I'll – and the condition one, herniated disc of L2-3, two, substantial aggravation L5-S1 herniated disc, three, lumbar radiculitis at L4-5, do you have an opinion as to the relationship?

* * *

A.  Yeah.

> With a reasonable degree of chiropractice [sic] certainty, medical certainty, I believe that the L2-L3 disc herniation was caused directly and causally related to the injury, as well as the substantial aggravation of L5-S1 and the L lumbar radiculitis.

(Zimpfer Depo. at 26, 30-32, 41-42.)

{¶ 8} In *Edney*, this court affirmed a grant of summary judgment in favor of an employer on a claim for compensation for unspecified chest pain. The court found the claimant "made *no showing* that his chest pain was an injury, rather than a symptom of some other injury or condition." (Emphasis added.) *Edney* at ¶ 16. Thus, there was no indication that the chest pain constituted a compensable injury. *Id.* Similarly, in *Foor*, the Fifth District Court of Appeals affirmed a grant of summary judgment in favor of an employer on a claim for compensation for bilateral radiculopathy. *Foor*. The court concluded only one of the claimant's two medical experts substantiated his claim of bilateral radiculopathy and that expert stated the term referred to pain was a symptom rather than a condition. Thus, the court found that reasonable minds could only conclude that the claimant's bilateral radiculopathy was a symptom of a previously allowed condition, not a separate injury or condition in and of itself.

{¶ 9} Unlike the evidence in *Edney* and *Foor*, in the present case Dr. Zimpfer's testimony was equivocal with respect to whether Ellis's lumbar radiculitis constituted a symptom of some other underlying condition or a stand-alone condition itself. The portions of Dr. Zimpfer's testimony cited by the trial court in granting the motion for directed verdict indicated that Ellis's lumbar radiculitis was a pain symptom associated with a disc herniation. By contrast, other portions of Dr. Zimpfer's testimony, cited by Ellis on appeal and quoted above, indicated his opinion that the lumbar radiculitis was a unique condition, distinct from the other herniated disc conditions. In granting a directed verdict in favor of Columbus Developmental, it appears the trial court weighed the credibility of these divergent portions of Dr. Zimpfer's testimony. However, when considering a motion for directed verdict, "if the evidence is conflicting on a particular issue or a 'combination of circumstances exists requiring a determination as to the credibility of witnesses in order to deduce the true facts' relative to a particular issue, the ultimate resolution of the issue is solely within the province of the jury and the motion must be denied." *Russi v. Brentlinger Ents.*, 10th Dist. No. 10AP-1143, 2011-Ohio-4764, ¶ 12, quoting *Posin v. A.B.C. Motor Court*

*Hotel, Inc.*, 45 Ohio St.2d 271, 276 (1976). As explained above, the reasonable minds test "requires the court to discern only whether there exists *any* evidence of substantive probative value that favors the position of the nonmoving party." (Emphasis added.) *Goodyear Tire & Rubber Co.* at ¶ 3. In order to grant a directed verdict in favor of Columbus Developmental, it would be necessary to find that reasonable minds could come to only one conclusion, which was adverse to Ellis. Mindful of this standard, based on our de novo review of the evidence presented in the trial court, we conclude the trial court erred by concluding Columbus Developmental was entitled to a directed verdict. Although Dr. Zimpfer's testimony was mixed, portions of that testimony were sufficient to constitute some evidence of substantive probative value supporting Ellis's lumbar radiculitis claim.

{¶ 10} Accordingly, we sustain Ellis's sole assignment of error.

## IV. Conclusion

{¶ 11} For the foregoing reasons, we sustain Ellis's sole assignment of error and reverse the portion of the judgment of the Franklin County Court of Common Pleas granting a directed verdict in favor of Columbus Developmental on Ellis's claim for lumbar radiculitis. Because Ellis has not challenged the remainder of the judgment on appeal, we affirm the portions of the judgment denying Ellis's claims for lumbar disc herniation at L2-3 or substantial aggravation of lumbar disc herniation at L5-S1 pursuant to the jury's verdicts on those claims. We remand the matter to that court for further proceedings consistent with law and this decision.

*Judgment affirmed in part, reversed in part;*
*and cause remanded.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.