[Cite as *Karr v. Salido*, 2024-Ohio-1141.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ryan Karr, | : | |
| Plaintiff-Appellant, | : | No. 23AP-96 |
| | | (C.P.C. No. 20CV-6046) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Joan Salido, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 26, 2024

**On brief:** *Ryan Karr*, pro se.  **Argued:** *Ryan Karr*.

**On brief:** *White*, *Getgey & Meyer Co.*, *LPA*, *Christine N. Farmer*, *C. Joseph McCullough*, and *Matthew C. Notaro*, for appellee.  **Argued:** *Matthew C. Notaro*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1}  Plaintiff-appellant, Ryan Karr, appeals the judgment of the Franklin County Court of Common Pleas granting defendant-appellee's, Joan Salido, motions for a directed verdict.  For the following reasons, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}  On September 16, 2018, Karr was driving his 1996 Pontiac Firebird when he was involved in a collision with Salido's automobile.  As a result of the collision, Karr alleged bodily injury to his upper and lower skeletal system, myofascial system, muscular system, vertebral column, and soft tissue injuries, as well as anxiety, depression, and intense mental anguish.  Karr also asserts his automobile was a total loss.

{¶ 3}   On September 15, 2020, Karr, pro se, filed a lawsuit against Salido alleging negligence.  Salido answered, through counsel, and denied the claims.  This court dismissed Karr's prior appeal of a discovery issue for lack of a final appealable order in *Karr v. Salido*, 10th Dist. No. 21AP-672, 2022-Ohio-2879.

{¶ 4}   Prior to trial, the court addressed pending motions and granted Salido's motion in limine to exclude evidence of insurance coverage, the traffic citation, and settlement negotiations.  The trial court did not rule on Salido's motion to exclude evidence of the police report regarding the accident.

{¶ 5}   Karr filed a motion in limine to exclude his medical records, but the trial court did not rule on the motion.  Karr did not provide any medical records or bills as exhibits.

{¶ 6}   A jury trial commenced on October 11, 2022.  At the conclusion of Karr's opening statement, Salido moved for a directed verdict on Karr's bodily injury claims, pursuant to Civ.R. 50, because Karr had not disclosed an expert witness to establish a connection between the accident and his injuries.  The trial court granted the motion.

{¶ 7}   The trial then proceeded on the issues of liability and property damage.  At the conclusion of Karr's case, Salido again moved for a directed verdict on Karr's property damage claims because the value of the automobile immediately before and immediately after the accident had not been established.  The trial court denied the motion.

{¶ 8}   Salido presented her case and then renewed the motion for a directed verdict on property damage and negligence just prior to closing arguments.  The trial court granted the motion.

{¶ 9}   After the trial concluded, Karr moved for a new trial.  The trial court denied the motion.

{¶ 10}   Karr then filed the instant appeal.

## II.  ASSIGNMENTS OF ERROR

{¶ 11}   Appellant assigns the following four assignments of error for our review:

[1.] The trial court erred and abused its discretion in dismissing appellant's action.

[2.] The trial court erred and abused its discretion when it suppressed proper evidence from the Plaintiff to be brought forth to the Jury with accounts to his medical claim, property value, and defendants' negligent admission and relative facts.

[3.] The trial court erred and abused its discretion when it allowed the motions for a Rule 50 to have success while an erroneous belief as the foundation for such.

[4.] The trial court erred and abused its discretion when it denied Plaintiff's Motion 59 for a new trial, in accordance with Ohio.Civ.R.59 while showing proper grounds for such to occur.

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 12} An appellate court reviews a granting of a directed verdict de novo, because it presents us with a question of law. *Ellis v. Columbus Dev. Ctr.*, 10th Dist. No. 17AP-384, 2018-Ohio-933. We apply " 'the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exists for trial.' " *Schmitt v. Duke Realty, L.P.*, 10th Dist. No. 04AP-251, 2005-Ohio-4245, ¶ 5, quoting *Brewer v. Cleveland City Schools Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 13} We review a trial court's ruling on a motion for a new trial under Civ.R. 59 for an abuse of discretion. *AM & JV, L.L.C. v. MyFlori, L.L.C.*, 10th Dist. No. 16AP-713, 2018-Ohio-600. A trial court abuses its discretion when the court's attitude is unreasonable, arbitrary, or unconscionable. *Ettayem v. Land of Ararat Invest. Group, Inc.*, 10th Dist. No. 19AP-427, 2020-Ohio-3006, ¶ 20.

## IV. LEGAL ANALYSIS

{¶ 14} Karr argues in his first assignment of error that the trial court erred and abused its discretion when it dismissed his case, and argues in his third assignment of error that the trial court also abused its discretion in granting the Civ.R. 50 motions for a directed verdict without proper foundation. We shall address these assignments of error together.

{¶ 15} A motion for a directed verdict will only be granted if, after construing all the evidence in a light most favorable to the nonmoving party, a reasonable mind can only reach a conclusion contrary to the nonmovant. *Wright v. Columbus*, 10th Dist. No. 05AP-432, 2006-Ohio-759. "The 'reasonable minds' test calls upon a court to determine only whether there exists any evidence of substantial probative value in support of the claims of the non-moving party." *Lasley v. Nguyen*, 172 Ohio App.3d 741, 2007-Ohio-4086, ¶ 16 (2d Dist.).

**{¶ 16}** Salido's first motion for a directed verdict was made immediately after the conclusion of Karr's opening statement. Civ.R. 50(A)(1) permits a party to move for a directed verdict after an opponent's opening statement. A trial court should exercise great caution in sustaining a motion for a directed verdict on the opening statement of counsel. *Brinkmoeller v. Wilson*, 41 Ohio St.2d 223 (1975).

**{¶ 17}** "A trial court may grant a motion for a directed verdict made at the end of a party's opening statement only when the opening statement shows that the party will be unable to sustain its cause of action at trial." *Schaefer v. Bolog*, 7th Dist. No. 17 MA 0085, 2018-Ohio-1337, ¶ 32. Granting of a motion for a directed verdict made after an opening statement is proper only when it is " 'clear that all the facts expected to be proved, and those that have been stated, do not constitute a cause of action or a defense.' " *Nelson v. State Farm Fire & Cas. Co.*, 10th Dist. No. 22AP-176, 2023-Ohio-1982, ¶ 34, quoting *Brinkmoeller* at syllabus.

**{¶ 18}** A trial court must focus "on what was said during the opening statement" when considering a Civ.R. 50(A) motion made on the opening statement of the opponent. *Parrish v. Jones*, 138 Ohio St.3d 23, 2013-Ohio-5224, ¶ 23.

**{¶ 19}** An admission that a party will not be able to prove its case clearly supports a directed verdict. *U.S. Aviation Underwriters, Inc. v. B.F. Goodrich, Co.*, 149 Ohio App.3d 569, 2002-Ohio-5429 (9th Dist.) (directed verdict proper against plaintiff insurance company suing component manufacturer for cause of airplane crash, after insurance company concedes in opening statement that the components were not in use and had not been activated and, therefore, cannot establish a causal relationship between defective component and resulting injury). However, if it is ambiguous whether a party can go forward with a claim after opening statement, "the court must determine whether that party has otherwise set forth a cause of action," and may "consult the pleadings" and other information before it to see if the party has set forth a claim. *Parrish* at ¶ 33.

**{¶ 20}** To prove a claim of negligence, a party must demonstrate: (1) the existence of a legal duty; (2) a breach of that duty by the defendant; and (3) an injury that is proximately caused by such breach. *Harrod v. USAA Ins. Co.*, 2d Dist. No. 28220, 2019-Ohio-2748. Proximate cause is a determinative issue in an automobile injury case. *Pietrangelo v. Hudson*, 8th Dist. No. 111805, 2023-Ohio-820.

{¶ 21} Karr is alleging as a cause of action that he suffered soft tissue injuries as a result of the accident. When subjective, soft tissue injuries are claimed " 'the causal connection between such injuries and the automobile accident alleged to have caused them is beyond the scope of common knowledge, and that such causal connection must be established by expert testimony.' " *Argie v. Three Little Pigs, Ltd.*, 10th Dist. No. 11AP-437, 2012-Ohio-667, ¶ 15, quoting *Rogers v. Armstrong*, 1st Dist. No. C-010287, *8 (Mar. 15, 2002). "Except as to questions of cause and effect which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion." *Darnell v. Eastman*, 23 Ohio St.2d 13 (1970), syllabus.

{¶ 22} "Soft-tissue injuries like neck and back strains and sprains require expert testimony to establish a causal connection, because they are injuries that are 'internal and elusive, and are not sufficiently observable, understandable, and comprehensible by the trier of fact.' " *Lane v. Bur. of Workers' Comp.*, 2d Dist. No. 24618, 2012-Ohio-209, ¶ 60, quoting, *Wright v. Columbus*, 10th Dist. No. 05AP-432, 2006-Ohio-759, ¶ 19; *see also Maney v. Jernejcic*, 10th Dist. No. 00AP-483, 2000 Ohio App.LEXIS 5296 (Nov. 16, 2000) (soft tissue injuries sustained in a rear-end collision are internal injuries that are usually unaccompanied by observable external injuries and, therefore, require expert medical testimony of causation).

{¶ 23} In his opening statement, Karr refers to the negligence of the other driver as the cause of his injuries but does not mention how he will support his bodily injuries or property damage with expert testimony. Karr did not indicate he had a medical expert to testify about his bodily injuries.

{¶ 24} Civ.R. 26(B)(7) provides that a party must disclose to the other parties the identity of any expert witness and submit expert reports within the time set by the trial court. The trial court's Local Rule 39 provides that a plaintiff's expert witness should be disclosed to the defendant no later than 21 weeks after a case has been filed, and an expert's report should be provided no later than 25 weeks after a case has been filed. Karr did not disclose any expert witnesses.

**{¶ 25}** Karr argues that he was qualified to testify as an expert regarding the nature and extent of his injuries, but did not disclose his intentions to Salido. Despite his assertions that he was taken out of context, Karr's deposition testimony that massage therapists cannot establish a casual connection between an injury and an automobile accident precludes him from being an expert witness.

**{¶ 26}** Before an expert witness is permitted to testify, the trial court must first make a threshold determination under Evid.R. 104(A) concerning the qualifications of the witness to testify as an expert. *Scott v. Yates*, 71 Ohio St.3d 219 (1994). Evid.R. 702 provides that a witness may testify as an expert only if: (1) the witness qualifies as an expert based on specialized knowledge, skill, experience, training, or education regarding the testimony; (2) the testimony relates to matters beyond the knowledge of lay persons; and (3) the testimony is based upon reliable scientific, technical, or other specialized information.

**{¶ 27}** "When expert medical testimony is required in a case to establish a causal connection between the industrial injury and a subsequent physical condition, the proof must establish a probability and not a mere possibility of such causal connection." *Randall v. Mihm*, 84 Ohio App.3d 402, 406 (2d Dist.1992). A lay witness is not qualified to testify on such matters, and a medical expert is required. *Budzevski v. OhioHealth Corp.*, 10th Dist. No. 12AP-112, 2012-Ohio-5038, ¶ 15.

**{¶ 28}** A medical expert would have provided an educated opinion about the purported pain and injury and proximate causation. Karr's testimony "is clearly insufficient as a matter of law to support a finding that the [September 2018] accident was the proximate cause of the injuries." *Lasley*, 2007-Ohio-4086, at ¶ 22. By failing to identify an expert, Karr is unable to sustain a cause of action for personal injury.

**{¶ 29}** It was apparent at the conclusion of Karr's opening statement that he would be unable to establish any connection between his injuries and the automobile accident, and would, therefore, not meet his burden of establishing a direct and proximate causal relationship between the claimed soft tissue injuries and the accident. *Darnell*, 23 Ohio St.2d.

**{¶ 30}** "Where no expert medical testimony was presented to establish causation * * * the trial court does not err in granting a directed verdict." *Jefferson v. CareWorks of*

*Ohio, Ltd.*, 10th Dist. No. 10AP-785, 2011-Ohio-1940, ¶ 23. The trial court had good reason in directing a verdict for Salido after Karr's opening statement regarding Karr's medical claims.

{¶ 31} Karr also challenges the directed verdict regarding property damage.

{¶ 32} "[D]amages must be shown with reasonable certainty and may not be based upon mere speculation or conjecture." *Rakich v. Anthem Blue Cross & Blue Shield*, 172 Ohio App.3d 523, 2007-Ohio-3739, ¶ 20 (10th Dist.).

{¶ 33} There is specific guidance regarding the right to recover for damage to an automobile. The Supreme Court of Ohio established the general rule that "the owner of a damaged motor vehicle may recover the difference between its market value immediately before and immediately after the collision." *Falter v. Toledo*, 169 Ohio St. 238 (1959).

{¶ 34} "Where a vehicle cannot be repaired, the general rule is that the owner may recover the difference between the market value of the vehicle immediately before the damage and the salvage value of the wreckage." *Rakich* at ¶ 9, citing *Maloney v. Gen. Tire Sales, Inc.*, 34 Ohio App.2d 177, 184 (10th Dist.1973).

{¶ 35} The purpose of a damage award is to make an injured party whole again. *Cent. Ohio Med. Textiles v. PSC Metals, Inc.*, 10th Dist. No. 19AP-167, 2020-Ohio-591. A party who recovers the full value of an automobile, less wreckage or salvage value, has been made whole. *Hayes Freight Lines, Inc. v. Tarver*, 148 Ohio St. 82 (1947).

{¶ 36} Fair market value, also known as retail value, is "that price which would be agreed upon between a willing seller and a willing buyer in a voluntary sale on the open market." (Emphasis omitted.) *Gough-Northrup v. Hammonds*, 5th Dist. No. 2022 CA 00023, 2022-Ohio-4342, ¶ 42 (plaintiff not entitled to recover for property damage after her expert did not testify to the vehicle's actual value both immediately before and after the accident).

{¶ 37} Karr was required to present evidence of the market value of his vehicle. When asked by the court about the value of his automobile, Karr testified:

> MR. KARR: * * *. The values that I found were $28,000 and more. I mean, the highest value that I could find from a dealer who makes - - who says what the market is, it was $34,000. It was out in California. There was one in New Jersey that was 28 nine, 29,000. And so, you know, again, because of the rarity of

> my car, they don't - - there's not many of them. Plus it's 1996 so
> it's pretty old. But the condition was pristine.

(Oct. 11, 2022 Tr. at 149.)

{¶ 38} Karr presented evidence of similar cars listed for sale. Because Karr had never seen the vehicles, did not know the physical condition, and was unaware of the actual selling price, "we cannot conclude that the trial court abused its discretion in refusing to allow plaintiff to [use] the classified advertisement * * * as a method of valuing his loss." *Umari v. Richardson*, 10th Dist. No. 91AP-534, 1991 Ohio App.LEXIS 5159, *8 (Oct. 22, 1991). Karr testified in response to the renewed Civ.R. 50 motion that "[t]he value of my vehicle is assessed by what a person can go into a dealership and purchase that vehicle for." (Oct. 11, 2022 Tr. at 266.)

{¶ 39} Karr used prices of other similar vehicles but offered no evidence of the value of his vehicle at the time of the accident. Karr failed to offer any evidence of the post-accident value and testified that his car is a total loss and has no market value after the accident.

{¶ 40} Karr acknowledged his vehicle had been appraised twice since the accident, and he was aware of the results. Karr was forced to concede that the appraised value was less than the values he stated as a comparable value using similar cars.

{¶ 41} Even assuming Karr's pre-accident valuations are adequate, there was no testimony about the post-accident value. Karr asserts the current value is zero, but completely omits the vehicle's salvage value.

{¶ 42} Karr did testify that he once owned a car dealership but offered nothing to support he was an expert in collector car valuation. There is no basis for Karr to be considered an expert in automobile valuation.

{¶ 43} The trial court granted Salido's motion for directed verdict regarding property damage. We find that Karr did not provide competent evidence as to the automobile's value immediately before the accident or immediately after the accident. At best, Karr simply guessed the value of his automobile by looking at similar vehicles without providing any basis for that determination. Without expert testimony, that speculation now forecloses any award for property damage. *Safe Auto Ins. Co., v. Hasford*, 10th Dist. No. 08AP-249, 2008-Ohio-4897.

{¶ 44} Salido also moved for a directed verdict on the issue of negligence, arguing the evidence does not support a finding of negligence by Salido. The trial court mentioned the evidence could support an inference of negligence, but since there was no property damage to value to ascertain injury, a directed verdict on the issue of negligence was proper. " 'Negligence is without legal consequence unless it is a proximate cause of an injury.' " *Tallman v. Branham*, 10th Dist. No. 00AP-1475, 2001 Ohio App.LEXIS 2863, *5 (June 28, 2001), quoting *Westfield Ins. Co. v. HULS Am., Inc.*, 128 Ohio App.3d 270, 286 (10th Dist.1998).

{¶ 45} The trial court properly granted the Civ.R. 50 motions. Karr's first and third assignments of error are overruled.

{¶ 46} Karr argues in his second assignment of error that the trial court erred and abused its discretion in several evidentiary rulings and comments reflecting the court's bias and prejudice against him, although Karr has neglected to identify specific rulings or evidence to support his assertions.

{¶ 47} Judicial bias is " 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937, ¶ 48, quoting State ex rel. *Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus.

{¶ 48} "A judge is presumed not to be biased or prejudiced, and a party alleging bias or prejudice must present evidence to overcome the presumption." *Wardeh v. Altabchi*, 158 Ohio App.3d 325, 2004-Ohio-4423, ¶ 20 (10th Dist.).

{¶ 49} This court is unable to craft a remedy for alleged judicial bias. Karr's sole avenue of relief regarding allegations of judicial bias and prejudice was to file an affidavit of prejudice with the Supreme Court clerk, pursuant to R.C. 2701.03. *Polivka v. Cox*, 10th Dist. No. 02AP-1364, 2003-Ohio-4371. We do not have jurisdiction "to vacate a trial court's judgment based on a claim of judicial bias." *Cooke v. United Dairy Farmers, Inc.*, 10th Dist. No. 05AP-1307, 2006-Ohio-4365, ¶ 45. An appellate court may reverse a judgment "if the bias or prejudice violated the defendant's right to due process and deprived the

defendant of a fair hearing." *Cleveland v. Goodman*, 8th Dist. No. 108120, 2020-Ohio-2713, ¶ 16.

{¶ 50} However, " 'judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.' " *State v. Dennison*, 10th Dist. No. 12AP-718, 2013-Ohio-5535, ¶ 46, quoting *Pratt* at paragraph four of the syllabus.

{¶ 51} The record does not support Karr's broad allegations of judicial misconduct, and there is no "evidence to overcome the general presumption that a judge is fair and impartial." *Dennison* at ¶ 49. Karr's second assignment of error is overruled.

{¶ 52} Karr argues as his fourth assignment of error that the trial court erred in denying his motion for a new trial.

{¶ 53} Civ.R. 59 provides that a party may receive a new trial if one of several grounds are alleged. Karr alleges that he is entitled to a new trial for a variety of issues, and we shall discuss each purported ground.

{¶ 54} Karr alleges an irregularity in the proceedings pursuant to Civ.R. 59(A)(1) when Salido used Karr's medical record in violation of the trial court's order granting Karr's motion in limine. However, that motion was never granted, and the record was permissibly used to impeach the witness.

{¶ 55} While Karr asserts that this misconduct prevented a fair trial, he overlooks that this matter was decided on Civ.R. 50 grounds because there was no evidence to support his claims. Karr has not shown any irregularity.

{¶ 56} Karr alleges that Salido engaged in misconduct under Civ.R. 59(A)(2) by being untruthful about the disposition of her traffic citation. The record reflects that the use of the citation was excluded by the rules of evidence, and not any misconduct.

{¶ 57} Karr next alleges that the jury awarded excessive damages under Civ.R. 59(A)(4) due to fraud on the part of Salido's counsel. However, the jury in this matter did not award any damages, so this allegation is unfounded.

{¶ 58} Karr alleges that newly discovered evidence requires a new trial, pursuant to Civ.R. 59(A)(8), although he declines to share exactly what the new evidence is or why it was not available before trial. The lack of specificity dooms this challenge to fail.

{¶ 59} Karr also alleges that an error of law occurred after his motion in limine was granted. However, as noted earlier, the motion had not been granted, and whatever was at issue had no bearing on the outcome of the trial.

{¶ 60} Finally, Karr alleges that good cause exists for a new trial. The record reflects that Karr received a fair trial but chose to represent himself. We know that "*pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." (Emphasis sic.) *Sabouri v. Ohio Dept. of Job & Family Serv.*, 145 Ohio App.3d 651, 654 (10th Dist.2001). Under the facts of this case, we find that Karr has not established good cause to warrant a new trial.

{¶ 61} We cannot find the trial court erred in denying Karr's motion for a new trial. Accordingly, we overrule his fourth assignment of error.

{¶ 62} On August 7, 2023, Karr filed a motion to supplement the record with evidence that was not before the trial court.

{¶ 63} "[I]t is axiomatic that an appellate court cannot add material to the record that was not a part of the trial court's proceedings and then decide the appeal on the basis of a new matter." *Am. Hotel Grp., L.L.C. v. Wyandotte Plaza, L.L.C.*, 10th Dist. No. 16AP-296, 2017-Ohio-5520, ¶ 10, citing *State v. Ishmail*, 54 Ohio St.2d 402 (1978).

{¶ 64} Karr concedes that the proposed supplemental evidence was not allowed by the trial court. Accordingly, we are prohibited from reviewing the evidence submitted by Karr, and his motion is denied.

## V. CONCLUSION

{¶ 65} Having overruled Karr's four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas. Karr's motion to supplement the record is denied.

*Judgment affirmed;*
*motion to supplement denied.*

MENTEL, P.J., and BEATTY BLUNT, J., concur.

_____